IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur R. Carter, ) | C/A No.: 1:12-1257-TMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Arthur R. Carter ("Petitioner"), proceeding *pro se*, files this action pursuant to 28 U.S.C. § 2241, challenging a federal conviction and sentence. Petitioner is incarcerated at Federal Correctional Institution (FCI) Edgefield, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual Background

The instant § 2241 petition challenges drug convictions and a life sentence imposed by the United States District Court for the Central District of Illinois on July 3, 2002. [Entry # 1-1 at 7, 33]. Petitioner filed a direct appeal of the federal sentence and convictions, which the Seventh Circuit dismissed on April 28, 2003. *See United States v. Arthur Carter*, Nos. 02-3973, 02-3977, 02-4031, 2003 WL 21018025 (7th Cir. April 28, 2003). Petitioner then filed a motion under 28 U.S.C. § 2255, which the sentencing court denied on February 3, 2005. *See Arthur Carter v. United States*, C/A No. 1:04-01131-MMM (C.D.Ill. Feb. 3, 2005)

at Entry # 11. Petitioner appealed the denial of his § 2255 motion to the Seventh Circuit, which denied a certificate of appealability on June 20, 2005. *Id.* at Entry # 25. In 2008, the sentencing court amended Petitioner's sentence to 360 months' incarceration pursuant to a motion for retroactive application of the sentencing guidelines to crack cocaine. [Entry # 1-1 at 33]. Petitioner now seeks to challenge his conviction and sentence under § 2241.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982 at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that

3

provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333–34.

Petitioner alleges that he satisfies the gatekeeping provisions of § 2255 because of a law change, which occurred after his direct appeal and § 2255 motion. Specifically, Petitioner claims that the Supreme Court's holding in *Bond v. United States*, 131 S.Ct. 2355 (2011), now allows him to raise a Tenth Amendment claim based on federalism. [Entry #1 at 4]. In *Bond*, the Court held that a litigant had standing to bring a constitutional challenge on federalism grounds of a statute under which he was indicted. *Id.* at 2366–67. Petitioner attempts to make such an argument in the present case, claiming that the conduct for which he was convicted in federal court "is local in nature and should be left to local authorities to

4

prosecute." [Entry # 1-1 at 34]. However, Petitioner provides no indication that the decision in *Bond*, or any law change subsequent to his direct appeal and first § 2255 motion, has rendered the conduct for which Petitioner was convicted non-criminal. Therefore, because Petitioner cannot satisfy the elements set forth in *Jones* to trigger the savings clause embodied in § 2255, this case is subject to summary dismissal.

III. Conclusion

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*[signature]*

July 6, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

# Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).