IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Arthur R. Carter, | ) | |
| | ) | C/A No. 1:12-1257-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") filed in this action on July 6, 2012 recommending that the above-captioned action be dismissed without prejudice. (Dkt. # 14). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 14 at 6). Petitioner filed objections to the Magistrate Judge's Report on July 23, 2012. (Dkt. # 16).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify,

in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the action be dismissed without prejudice. As noted above, Petitioner filed objections to the Report which the Court has carefully reviewed. Reviewing Petitioner's objections, the court finds them to be without merit. Petitioner cites *Bond v. United States*, ––– U.S. –––, 131 S.Ct. 2355, 180 L.Ed.2d 269 (2011), in which the Supreme Court held that a person convicted of a federal offense had standing to assert that Congress exceeded its powers under the Tenth Amendment in enacting a criminal statute. However, as the Magistrate Judge stated, the decision in *Bond* did not invalidate the federal drug statutes Petitioner was convicted of violating. *See United States v. Loveland*, 2011 WL 4857980 (W.D.N.C. 2011)(unpublished). The Petitioner's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore

**ORDERED** that the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

>s/Timothy M. Cain
>United States District Judge

July 25, 2012
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.